**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA** **JS-6**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 26-8231-JFW(AJRx)** Date: August 6, 2026

Title: PR Blu Ltd. -*v*- Salder Juliana Gomez Villa, et al.

---

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS): ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On January 20, 2026, Plaintiff PR Blu Ltd. ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Saider Juliana Gomez Villa ("Gomez Villa") in Los Angeles County Superior Court. On July 27, 2026, Tiffany Mendoza ("Mendoza") filed a Notice of Removal, alleging this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1]

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Mendoza bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

In this case, the Court concludes that Mendoza has failed to meet the burden of

---

[1] In the Notice of Removal, Mendoza states that she is a defendant in this action. However, the only defendant named in the Complaint attached to the Notice of Removal is Gomez Villa. To the extent that Mendoza is not a party to this action, she had no standing to remove this action from Los Angeles County Superior Court to this Court. In addition, even if Mendoza is a party to this action, this action must be remanded for the reasons stated in this Order

demonstrating that removal is proper. Plaintiff's Complaint alleges a claim for unlawful detainer under state law. Although Mendoza alleges in the Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted). In addition, "[f]ederal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the [Protecting Tenants at Foreclosure Act]." *Lender Servicing LLC v. Shokoor*, 2012 WL 2934996, at *4 (E.D. Cal. July 18, 2012). Moreover, to the extent that Mendoza alleges there are defenses based on federal law, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). As a result, there is no federal question jurisdiction presented by Plaintiff's action. Finally, Mendoza has failed to allege the citizenship of the parties or the amount in controversy and, as a result, Mendoza has failed to demonstrate that diversity jurisdiction exists under 28 U.S.C. §1332.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.



Initials of Deputy Clerk jloz